# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

FILED
JUL 2 7 2023

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| | ) | 23-MJ- 3075 |
| Gary Clark | ) | |
| *Defendant(s)* | ) | |

**SEALED**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 19, 2023__ in the county of __Sangamon__ in the __Central__ District of __Illinois__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) | Distribution of 50 Grams or More of Methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

s/ Keagan Robinson
*Complainant's signature*

DEA TFO J. Keagan Robinson
*Printed name and title*

Sworn to and signed via reliable electronic means.

Date: July 27, 2023

s/ Karen L. McNaught
*Judge's signature*

City and state: Springfield, Illinois

Magistrate Judge Karen L. McNaught
*Printed name and title*

# AFFIDAVIT

I, J. Keagan Robinson, being first duly sworn, hereby depose and state as follows:

1. I am employed by the Illinois State Police as a member of the Central Illinois Enforcement group (CIEG). I am currently assigned as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) Springfield Resident Office (SRO) investigating violations under Title 18 and Title 21 of the United States Code and have been so employed since January 2020. Prior to my employment with the Illinois State Police, I was employed in different capacities with local law enforcement. I was a patrol officer with the Lincoln Police Department, Lincoln, Illinois and the Athens Police Department in Athens, Illinois (Menard County), and as a Chief Deputy of the Menard County Sheriff's Office, Petersburg, Illinois. While employed with the Athens Police Department, I was attached to the CIEG unit for approximately two years. In total, I have been employed in law enforcement for approximately 10 years. I have specialized training in various aspects of narcotics investigations which include, but are not limited to, interviewing defendants, surveillance techniques, money laundering, and

clandestine laboratories. I have personally conducted or assisted in numerous investigations of state and federal criminal violations involving the illegal trafficking of narcotics and related crimes. I have helped prepare numerous criminal affidavits, executed search warrants, and testified at criminal trials during my participation in investigations. As a DEA TFO, I am authorized to investigate violations of the United States Code and to execute warrants issued under the authority of the United States.

2. The information contained in this affidavit is based upon my personal knowledge of this investigation, and upon information provided by other law enforcement personnel. This affidavit does not contain all of the facts known to agents, only those believed to be necessary to establish probable cause.

3. This affidavit is submitted in support of a complaint charging Gary R. CLARK **(CLARK)** (DOB: October 27, 1985) with distribution of 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(A).

## PROBABLE CAUSE

4. In July of 2023, DEA agents, Illinois State Police (ISP) Central Illinois Enforcement Group (CIEG), and the Sangamon County Sheriff's Office initiated an investigation into an individual named **CLARK**, who is involved in the illegal distribution of narcotics in the Sangamon County, Illinois area.

5. In July 2023, Sangamon County Sheriff's Office Deputy Brooks advised Sangamon County CS #23-0710 (CS) was providing information regarding Gary **CLARK**. The CS advised they were willing to conduct controlled buys of methamphetamine from **CLARK** at **CLARK**'s residence. Information provided by the CS was deemed credible based on investigative knowledge. Deputy Brooks advised the CS had already conducted one successful purchase of methamphetamine from **CLARK** before the CS began cooperating with the DEA and ISP. The CS has since provided reliable information regarding **CLARK** which was confirmed to be correct based on information already in the possession of law enforcement that was not readily accessible through public means.

6. An inquiry of the CS's criminal history reveals the CS has prior convictions for larceny, obstructing justice, and dangerous

3

drugs. The CS currently has pending charges and is assisting law enforcement both for compensation and consideration on pending charges.

7. On July 19, 2023, the CS made contact with **CLARK** at phone number (217) 503-5610, requesting 3 ounces of methamphetamine. The CS was equipped with audio/video recording devices for the controlled purchase. **CLARK** instructed the CS to come to his residence at 2418 E Wilshire Rd. in Springfield, to purchase the methamphetamine.

8. I acted in an undercover capacity to drive the CS to **CLARK**'s residence. I witnessed the CS enter the front door of the residence. Once inside, the CS purchased approximately 87 grams of methamphetamine from **CLARK**. The methamphetamine later field tested positive for methamphetamine. After the controlled purchase was completed, it was determined the audio/video equipment the CS was equipped with malfunctioned during this transaction. No audio/video of the transaction was recorded.

9. Later on July 19, 2023, the CS contacted **CLARK** via Facebook Messenger and requested to purchase 2 ½ ounces of methamphetamine. **CLARK** advised he wanted to meet at a

4

business location within the city limits of Springfield, IL. Members of the surveillance team witnessed **CLARK** leave his residence on Wilshire Rd. and enter the driver's door of his grey Hyundai, bearing Illinois registration DU84697. The vehicle is registered to **CLARK** at 2418 E Wilshire Rd. in Springfield, IL. **CLARK** drove directly to the agreed upon meet location.

10. The CS was equipped with audio/video recording devices. Acting in an undercover capacity, I drove the CS to the agreed upon location. Once at the location, the CS met with **CLARK** to purchase approximately 76 grams of methamphetamine. The CS walked directly back to the UC vehicle and provided the UC with the suspected methamphetamine.

11. The methamphetamine field tested positive for methamphetamine. The audio/video recording showed **CLARK** meeting with the CS in **CLARK**'s vehicle. Following the transaction **CLARK** returned to his residence and was observed by surveillance units entering the residence.

## CONCLUSION

12. Based on the foregoing information, I respectfully submit that there is probable cause to believe that **Gary R. CLARK** has

committed the offense of distribution of methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and (b)(1)(A).

Respectfully submitted.

**s/ Keagan Robinson**

Keagan Robinson TFO
Drug Enforcement Administration

Subscribed and sworn to, before me on this __27__ day of July 2023. *Through reliable electronic means by telephone*

**s/ Karen L. McNaught**

Karen L McNaught
United States Magistrate Judge